Common Pleas Court of Franklin County.

ESTATE OF ANDREW DOBBIE.

Decided February 4, 1929.

*Eagleson & Eagleson,* and *Chas. E. Nixon,* for Estate of Andrew Dobbie.

*E. C. Turner,* attorney general of Ohio, and *Judge Virgil Gibbs,* for the State of Ohio.

HORNBECK, J.

Because of the importance of this case, the widespread effect of its determination, it is to be presumed that it will proceed as rapidly as possible to the upper courts for final judgment. The court, therefore, will very briefly and without citation of extended authorities, which in Ohio are far from uniform, indicate its conclusion on the question presented.

It is fundamental that the greatest interest in real property is a fee simple title.

If, then, the interest of a leasee in a 99 year lease, renewable forever, is a fee simple estate, it is in law greater than and different from a future or limited estate, income, interest or annuity, for life or lives in being * * * or other estate or interest, the succession to which is limited, and its value for state inheritance tax purposes must be determined under Section 5341, General Code of Ohio, and not

under Section 5342 General Code, as employed by the auditor in this case.

In common law no leasehold estate, without respect to its length of term, divests the lessor or grantor of his fee simple title in the land itself.

Legislation characterizing leaseholds for certain terms as estates of inheritance with the attributes of fee simple titles does not, except for purpose therein especially set forth, affect the common law construction of such estates.

The opinion of Chief Justice Marshall in the case of *Ralston Steel Car Co.* v. *Ralston,* 112 O. S., 306, is the latest pronouncement of the court of last resort in Ohio incident to 99 year leases, renewable forever, pertinent to this suit, and in import indicates a purpose to reduce the estate of the lessor in such leases to a future or limited estate. The trend of this opinion is to strip this form of instrument designated a lease of the characteristics of a lease. It should be. noted, however, that, as the court says, the matter to be determined in that case was only a legal question of statutory interpretation, whether the interest of a *lessee* in a 99 year lease, renewable forever, was real property and an estate of inheritance, and the court at page 318 quotes with approval from page 842, 28 Corpus Juris, this language:

"In the absence of any statute affecting the common law status of a conveyance in fee of land to one, with reservation of ground rent to the other, each party is the owner of a fee simple estate."

The Chief Justice quotes at length from Judge Welch in the case of *Stephenson et al.* v. *Haines et al.,* 16 O. S., 478, and again from the case of *Worthington* v. *Hewes & McCann,* 19 O. S., 66, supporting the general proposition that the interest of the lessee in 99 year leases is more than a lease, that it is an interest in fee in real property the subject of the lease, and that a term of years and reversion seem indispensable to the idea of a lease; that the interest of the lessee is a vested fee subject to be divested. But the court could, with equal propriety, have selected

decisions of the same court quite a number of years later in which the theory was entirely contradictory to that enunciated by Judge Welch in the two cases heretofore cited. *Joseph W. Taylor* v. *Henry DeBus et al.,* 31 O. S., 472, and *Winthrop B. Smith* v. *Mary A. Harrison,* 42 O. S., 185. All of which, no doubt, caused Chief Justice Marshall to say at page 317:

"We shall not attempt to reconcile the reported cases, decided by Ohio courts of inferior jurisdiction, upon the subject of permanent leases, neither shall we attempt to explain or distinguish the expressions in the former adjudications *of this court* upon this general subject."

The case in Ohio which, in the judgment of the court, weighs the most in determining the law of the present controversy is *Rawson et al.* v. *Brown,* 104 O. S., 537. This was a suit by the heirs of the *lessor* in a 99 year lease, renewable forever, to partition the land leased by the instrument. The first proposition of the syllabus, which is the law of the case, is as follows:

"A permanent leasehold estate, renewable forever, is not a fee simple, although under the Ohio statutes it has many of the incidents thereof. The *fee simple remains in the lessor,* his heirs, devisees or assigns."

Judge Johnson at page 541 of the opinion says:

"It is earnestly contended by the plaintiffs in error that the estate conveyed by the lease for 99 years, renewable forever, is a leasehold in name and form only, and that in substance it is an estate in fee. That it is in fact greater than an estate for life."

He then discusses the statutory enactment in Ohio wherein for special purposes the interests of the lessee shall be considered as estates in fee, and observes that these sections in no wise disturb the well recognized rule that the fee simple title remains in the lessor in a permanent leasehold.

The opinion in the Ralston case disturbs the assurance established by *Rawson* v. *Brown.* But any intention to overrule the law theretofore pronounced by the court is

expressly disavowed at pages 317-318 of the Ralston case in this language:

"It is sufficient to say that it is not believed that the conclusions we have reached in the instant case are violative of any expression of any former member of this court, where the expression was not clearly *obiter*."

It is certain that the syllabus of *Rawson* v. *Brown* is not *obiter*.

It is significant that every judge who concurred in the opinion in that case is yet on the Supreme Court. It would seem fitting that if the law of *Rawson* v. *Brown* is to be reversed that it be done by the court which announced it. The opinion and syllabus in the foregoing case definitely classifies the interest of the lessor in a lease such as we now have under consideration as a fee simple estate. Therefore Section 5341 General Code should control in fixing the value of the three parcels of land set out in the petition of the plaintiff in this case for inheritance tax purposes, and not Section 5342 General Code under which the Probate Court operated.

All the evidence tending to establish actual market value of the property mentioned in the petition being tendered by the estate of Andrew Dobbie, and being uncontradicted, the amount therein fixed must control insofar as grounded on sound principle.

However, the court does not subscribe to the contention of counsel for the Andrew Dobbie estate that the costs of marketing the interest of the lessor in the lease, commission for sale, should be deducted from the value as fixed, independent thereof. Such procedure is contrary to any accepted practice in determining the actual market value of real estate extant in Ohio of which the court has any knowledge, and would be an innovation which would not be advisable nor safe. The rule fixed by statute in fixing the value of any kind of property for taxation is its full value in money.

The finding of the court will be in accordance with this opinion.